SEYMOUR C. GILLETT, Respondent, *v.* JOB R. BORDEN, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1872.)

Where, on contracting to convey a piece of land, the vendor intended to reserve a strip of a certain width, but, through inadvertence, signed a contract with reservation of a smaller strip, and the vendee knew the mistake, did not inform the vendor of it, but attempted to obtain the benefit of it,—*Held*, that the act of the vendee was fraudulent, and the contract would be reformed on the ground of fraud.

No objection or demurrer having been made before trial to the statement of the causes of action in the complaint, a refusal to compel the plaintiff to elect then upon which he will proceed is properly refused.

THIS was an appeal by the defendant from a judgment entered on the decision of the court at Special Term in favor of the plaintiff. The facts are stated in the opinion.

*Amos H. Prescott,* for the appellant.

*Thomas Richardson,* for the respondent.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, P. J. In the fall of 1868 the plaintiff, being owner of a lot of land in the village of Ilion, in the county of Herkimer, on which he desired to erect a double tenement house, entered into negotiations with defendant to erect said house, and, in part payment therefor, to take a parcel of land adjoining that on which the house was to be erected. The main part of the house to be built was to be thirty-four feet wide, with two wings of five feet each at the rear, making the whole width forty-four feet. The plaintiff claims that he desired to reserve ten feet in width of land adjoining the house for a lane for the use of it, making the whole width of land to be reserved fifty-four feet. The parties went upon the land, the lines were pointed out, as the plaintiff claims, and a diagram, showing the plan and dimensions of the house, exhibited to defendant. The price which plaintiff required

for the land, to be given in part payment for building the house, was also stated to defendant.

The defendant desired time to prepare an estimate of the cost of erecting the house, and, in a few days thereafter, presented his estimate, and a verbal agreement for building the house was concluded between the parties. It was proposed to put it into writing, and the defendant was directed by plaintiff to have a writing drawn, and, when done, plaintiff said he would sign it. Before going to get the contract drawn, the defendant stated over to plaintiff several times the width of the piece of land to be reserved for the house proposed to be built, and he, plaintiff, was as repeatedly asked if it was right, and he said it was. The width so stated was forty-four feet, and the contract was so prepared, submitted to the plaintiff, read over to him, and finally executed by him. The plaintiff subsequently discovered his mistake, and applied to defendant to correct it, but he refused, and thereupon this action was brought. The complaint contains two counts or causes of action, in one of which the plaintiff seeks to obtain a reformation of the contract on the ground of mutual mistake, by striking out the words forty-four where they occur in the contract, as descriptive of the width of the land to be reserved by plaintiff, and inserting in place thereof the words fifty-four. The second cause of action charges that the words forty-four were fraudulently inserted in the contract, instead of fifty-four, and asks that the contract be annulled or reformed.

The answer denies that there was any mutual mistake as to the width of the land, or any fraud, and alleges that the width of the lot was repeatedly stated over to plaintiff as being forty-four feet, and as often said it was correct.

On the trial the plaintiff gave evidence tending to prove that he showed to the defendant, before the contract was drawn, the dimensions of the building he desired to erect, which were forty-four feet, and that, in addition thereto, he intended to reserve ten feet for a lane for the use of the house; that he pointed out to defendant where the lines of

the lot would run; that when the defendant stated over to him the width of the land to be reserved as forty-four feet, he assented that that was the correct width, forgetting, for the moment, that the whole width of the house was forty-four feet, and not thirty-four feet, which was the width of the main part of it.

The defendant denied that plaintiff told him before the bargain for building the house was made, or at any other time, that he intended to reserve ten feet for a lane, or that he pointed out to him the lines of the lot by which it appeared that ten feet were reserved for a lane. And he testifies that he stated over to plaintiff repeatedly, that the width of the lot to be inserted in the contract was forty-four feet, and asked him if it was right, and he as often said it was. And he proved by several persons that plaintiff stated, in their hearing, that the mistake in the contract was caused by himself, and that he alone was responsible for it.

The court finds the facts to be as alleged in the complaint, and that defendant knew that the plaintiff, when he signed the contract, supposed that by it he reserved a lane of ten feet, and that he, defendant, suffered him (plaintiff) to execute it without notifying him of his mistake, and that he withheld the information with the intent to cheat and defraud the plaintiff.

Judgment is ordered reforming the contract and there directing a specific performance of it.

On the opening of the case at the trial the defendant called on the court to compel the plaintiff to elect upon which of the two counts in his complaint he would proceed. The court refused to compel him to elect and the defendant's counsel excepted.

If two causes of action are contained in the complaint, which, by the provisions of the Code, cannot be properly joined, it is the duty of the defendant to demur on account of the misjoinder, and if he omits to do so the plaintiff has the right to give evidence in support of both or either, and

to have judgment for whichever of the causes of action he establishes by his proof.

If he may do this when the counts cannot legally be joined " *a fortiori,*" may he do it when they may be ?

The findings ·of the court show conclusively that he believed the evidence of the plaintiff and did not believe that of the defendant. It was therefore established that the plaintiff intended . to reserve fifty-four feet for the house and lane, and that by mere · inadvertence he signed the contract supposing that forty-four feet gave him the quantity of land he wanted. And the defendant knew, at the time of signing, the plaintiff was acting under this mistake, and he not only did not inform him of his mistake, but he attempted to take advantage of it for his own benefit. This was fraudulent, and justified the court in granting the relief adjudged to the plaintiff.

It was not a case of mutual mistake, but it was a mistake on the part of the plaintiff, fraudulently taken advantage of by the defendant. (*East India Co.* v. *McDonald,* 9 Ves.; Jr., 275 ; 1 Story's Eq., §§ 147, 167 ; *Evens* v. *Llewellen,* 2 Bro. C. C., 150, 152 note *a* ; 1 Story's Eq., 160, 176, 133 and note, 254 note.)

The judgment was right and must be affirmed with costs. Judgment affirmed.